IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

AUDREY ALLEN,

        Plaintiff,

vs. **Case No. 09-4155-RDR**

THE HELPING HAND OF
GOODWILL INDUSTRIES, INC.,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed a complaint alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and state law claims of defamation and outrage. This case is now before the court upon defendant's motion for judgment on the pleadings.

A similar complaint and a similar motion from defendant are filed in <u>Taylor v. The Helping Hand of Goodwill Industries, Inc.</u>, Case No. 09-4154. The court's decision in this case differs in some respects from the court's decision upon the motion in the <u>Taylor</u> case.

Plaintiff alleges that she worked as a supervisor of the cleaning crew for defendant beginning on or about February 19, 2008. She asserts that she received "a lewd, offensive and shocking e-mail with a picture attachment of an African-American male and a White female engaged in a vile sex act on or about July 2008." Doc. No. 1, ¶ 12. She claims the email was sent by her

supervisor, Kerri Cunningham. According to the complaint, plaintiff reported sexual harassment to management (an officer named Tom Dooley) and made "numerous complaints regarding harassing comments such as Plaintiff prefers her men to be 'Dark Chocolate.'" Doc. No. 1, ¶ 13. Plaintiff alleges that she was "ridiculed and harassed by management" and that "management failed to take appropriate action to remedy the situation" after plaintiff reported the situation. Doc. No. 1, ¶¶ 17-18. She notes that a supervisor she alleges was involved in the discrimination and harassment remained in a position directly supervising plaintiff. Plaintiff further alleges that she was "subjected to adverse changes in employment conditions, including reduction in hours, and termination in employment." Doc. No. 1, ¶ 20. Plaintiff contends in the complaint that she was disciplined and eventually demoted without cause subsequent to making complaints of sex and race discrimination. She further contends that sending the pornographic picture constituted defamation because the supervisor stated that plaintiff was the person engaged in the lewd act. She also claims that sending the picture amounted to outrage under Kansas law.

As mentioned, this case is before the court upon defendant's motion for judgment on the pleadings. The parties agree that the standard to apply to the complaint vis-a-vis defendant's motion is the same standard for motions to dismiss under FED.R.CIV.P. 12(b)(6). The court, assuming the complaint's factual allegations

are true, must decide whether those allegations contain sufficient facts to state a claim for relief which is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Plausibility" does not require a showing of probability that defendant has violated the law, but it does require more than "a sheer possibility." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Complaints must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Thus, the "plausibility" standard refers to the scope of allegations in a complaint and rejects allegations which "are so general that they encompass a wide swath of conduct, much of it innocent," thereby weeding out claims that do not have a reasonable prospect of success as well as informing the defendant of the actual grounds of the plaintiff's claim. Robbins, 519 F.3d at 1247-48.

Count 1 - Sexual harassment

The first count of the complaint is labeled "sexual harassment." If plaintiff is to state a claim for illegal sexual harassment or sex discrimination under Title VII, plaintiff must allege abusive or discriminatory treatment on the basis of sex. 42 U.S.C. § 2000e-2(a)(1) (it is unlawful to discriminate with respect to "compensation, terms, conditions or privileges" of employment because of sex). Workplace comments which have a sexual content

3

may not necessarily be motivated by gender.

> Title VII does not prohibit all verbal or physical harassment in the workplace, it is directed only at "*discriminat[ion]* . . . because of . . . sex." We have never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations. "The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed."

Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 79 (1998) (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 25 (1993)).

Plaintiff does not explicitly allege that the pornographic text and other ridicule were directed at her because of her sex. Plaintiff impermissibly relies upon the content of the alleged pornographic text to establish the legally required motivation. Plaintiff also fails to explicitly allege that adverse employment actions were taken against her because of her sex. She only employs the broad label of "sexual discrimination." Therefore, the court finds that plaintiff has failed to state a plausible Title VII violation in Count 1 and shall grant defendant's motion against Count 1 unless plaintiff amends the complaint within 15 days of the date of this order to satisfy the requirement of alleging that she suffered harassment or discrimination in her employment because she is female.

<u>Count 2 – Retaliation in violation of Title VII</u>

Plaintiff alleges that she was disciplined and eventually

4

demoted without cause subsequent to making complaints of sex and race discrimination. She claims that a supervisor who was involved in her harassment treated her differently than other similarly situated individuals. Defendant contends that plaintiff has not alleged a plausible claim of retaliation under Title VII because plaintiff has failed to sufficiently allege a causal connection between her complaints and any adverse employment action.

It is undisputed that to succeed upon a claim of retaliation plaintiff must demonstrate that a causal connection exists between the protected activity and the adverse employment action. Jones v. Barnhart, 349 F.3d 1260, 1269 (10th Cir. 2003). In this instance, the court believes plaintiff's allegations are barely sufficient to describe a plausible claim that plaintiff was retaliated in her employment because of activity protected by Title VII. We believe the complaint may be reasonably read to claim that plaintiff was treated adversely in comparison to similarly situated employees because of her complaints of sex and race discrimination. Defendant contends that too much time passed between plaintiff's complaints and the adverse job action to establish a causal connection. As the court explains in more detail in our opinion in the Taylor case, we believe this argument requires an analysis of the evidence which is not proper upon a motion to dismiss.

The court shall deny defendant's motion as to Count 2.

Count 3 - Defamation

Plaintiff alleges in Count 3 that on or about July 2008, defendant, through the acts of a supervisor, transmitted a pornographic image to another employee about plaintiff. Plaintiff further alleges that the supervisor stated that plaintiff was engaged in a lewd act and thereby placed plaintiff in a false and negative light and subjected her to public ridicule and shame. Defendant contends that the defamation count should be dismissed because plaintiff has failed to satisfy the heightened pleading standards for defamation. These standards are discussed in Fisher v. Lynch, 531 F.Supp.2d 1253, 1271-72 (D.Kan. 2008):

> To state a claim for defamation under Kansas law, plaintiff must allege (1) false and defamatory words; (2) communicated to a third person; (3) which resulted in harm to his reputation. See Hall v. Kan. Farm Bureau, 274 Kan. 263, 276, 50 P.3d 495, 504 (2002). In practice, defamation claims present a "significant exception" to general liberal pleading standards because defamation constitutes a "traditionally disfavored" cause of action. Bushnell Corp. v. ITT Corp., 973 F.Supp. 1276, 1287 (D.Kan.1997). To sufficiently plead a defamation claim, the complaint must allege the defamatory words, the communicator of those words, the persons to whom those words were published and the time and place of publication. See id.; Marten v. Yellow Freight Sys., Inc., 993 F.Supp. 822, 829 (D.Kan.1998); see also Jackson v. Kan. County Ass'n Multiline Pool, No. 03-4181, 2006 WL 963838, at *21 (D.Kan. Apr.10, 2006).

As defendant contends, plaintiff fails to meet the heightened pleading standard because plaintiff has not alleged the names of the persons to whom the defamatory communications were made or the time and place of their publication beyond "July 2008." In

6

addition, plaintiff identifies the communicator as "Kerri Cunningham" in the complaint, but it is not clear if plaintiff is contending that Cunningham was the only communicator.

The court shall grant defendant's motion to dismiss Count 3 unless plaintiff amends the complaint within 15 days to satisfy the pleading standards for defamation claims. See Auld v. Value Place Property Management LLC, 2010 WL 610690 at *4-*5 (D.Kan. 2/19/2010) (reaching a similar result).

Count IV - Outrage

As explained in the court's decision in the Taylor case, the court agrees with defendant that plaintiff's allegations do not describe such extreme misconduct or are insufficiently detailed for this court to say that she has stated a plausible claim of outrage. Based upon the allegations in the complaint, the court would say that success upon an outrage claim is less than a sheer possibility. Accordingly, the court shall grant defendant's motion as to the outrage claim unless plaintiff files an amended complaint within 15 days of the date of this order to more adequately state a claim of outrage. See Caputo v. Professional Recovery Services, Inc., 2002 WL 576072 (D.Kan. 2002) (granting leave to file an amended complaint to cure pleading deficiencies as to a claim of outrage); Moten v. American Linen Supply Co., 155 F.R.D. 202, 205 (D.Kan.1994) (same).

Summary

In summary, the court shall deny defendant's motion as to Count 2 of the complaint. The court shall grant defendant's motion as to Counts 1, 3 and 4 of the complaint unless plaintiff files an amended complaint within 15 days to cure the pleading deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge